UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVERE BRYANT and
ASTRIN CHANDLER,

        Plaintiffs,        Civil Action No. 14-14181
                                  Honorable Denise Page Hood
                                  Magistrate Judge David R. Grand
v.

SALLY JENKINS,
DANIELLE HAGAMAN-CLARK,
LEAH BRONSON and,
FLAG STAR BANK,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO REVOKE PLAINTIFF BRYANT'S *IN FORMA PAUPERIS* STATUS AND TO DISMISS HIS CLAIMS WITHOUT PREJUDICE**

**I.    REPORT**

    **A.  Background**

Plaintiff Lavere Bryant ("Bryant") is a prisoner who is currently incarcerated at the Bellamy Creek Correctional Facility ("IBC") in Ionia, Michigan. On October 30, 2014, Bryant (along with co-plaintiff Astrin Chandler) filed a *pro se* complaint pursuant to 12 U.S.C. § 3401 and 42 U.S.C. § 1983, purporting to set forth claims for unlawful disclosure of his financial records and unlawful search and seizure. (Doc. #1). Bryant requested and was summarily granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a). (Doc. #5). On February 17, 2015, the case was referred to the undersigned for pretrial case management. (Doc. #8). Summonses have not yet been served, as plaintiffs only recently requested that the Court order the Marshal's office to serve the defendants. (Doc. #14).

On April 3, 2015, Bryant filed a document entitled "Application for Prisoner to Proceed Without Prepayment of Fees/Costs; Application to Proceed in District Court Without Prepaying Fees/Cost; Complaint Pursuant to 42 U.S.C. 1983," in which he explains that he had previously filed at least eleven cases in the Western Michigan District of Michigan since 2008, each of which was dismissed for failure to state a claim. (Doc. #15 at 3). Apparently anticipating challenge to his request, Bryant argues, that the Prison Litigation Reform Act's ("PLRA"), 28 U.S.C. § 1915, "three strike rule does not apply [because he] was a pretrial detainee [when he commenced this action]." (Doc. #15 at 3).

### B. Legal Standards

Congress enacted 28 U.S.C. § 1915, the federal statute permitting plaintiffs to file complaints *in forma pauperis*, "to ensure that indigent litigants have meaningful access to the federal courts" by waiving the filing fees that might otherwise prevent meritorious suits from being lodged. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, in recognition of the potential for abuses of the system, Congress passed the PLRA, codified in relevant part as 28 U.S.C. § 1915(g). Under that section of the PLRA, a prisoner who files a meritless lawsuit will acquire a "strike." A prisoner who acquires three "strikes" is generally prohibited from filing future litigation *in forma pauperis*. The relevant portion of the three strikes statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statute thus bars a prisoner litigant with "three strikes" from filing a complaint *in forma pauperis* unless he properly alleges that he is currently experiencing imminent danger of serious physical injury. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th

2

Cir. 2011). The statute makes clear that the term "prisoner" includes "any person incarcerated or detained in any facility *who is accused of*, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h) (emphasis added).

**C.    Analysis**

   *1.    Bryant Has Acquired Three Strikes*

Bryant has previously filed at least three prisoner civil rights lawsuits which were dismissed: *Lee-Bryant v. Sindles*, Case No. 2:08-cv-121, 2009 WL 528959 (W.D. Mich. Mar. 2, 2009) (dismissed for failure to state a claim); *Lee-Bryant v. Beseau*, Case No. 2:08-cv-138, 2009 WL 980810 (W.D. Mich. Apr. 9, 2009) (dismissed for failure to state a claim); *Lee-Bryant v. Schertz*, Case No. 2:08-cv-150, 2008 WL 5102968 (W.D. Mich. Dec. 1, 2008) (dismissed for failure to state a claim). Accordingly, Bryant falls within the purview 28 U.S.C. § 1915(g)'s three strikes provision.

   *2.    Bryant's Argument That the Three Strikes Rule Does Not Apply Lacks Merit*

Relying on *Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002), Bryant argues that the PLRA's three strikes provision does not apply to him because he was a pretrial detainee at the time he filed his instant lawsuit. (Doc. #15 at 3). But Bryant misapprehends *Troville*; that court did not hold that the three strikes rule is inapplicable to pretrial *criminal* detainees like Bryant[1], but rather that it is inapplicable to *civil* detainees. *Id.* at 1261. Indeed, pretrial *criminal* detainees clearly fall within the statute's definition of a "prisoner" because that term expressly includes

---

[1] Bryant repeatedly refers to himself as a "prisoner" in his filings, and at the heart of his case is the fact that he was apparently charged with a serious crime. (Doc. #1 at ¶¶ 12, 18) ("Plaintiff Bryant is suspected of committing robbery-double homicide…" and making reference to his "criminal defense attorney"). The Court also notes, again, that in each of the three prior district court decisions cited above in which Bryant's claims were dismissed, he was referred to as a "prisoner."

3

"any person incarcerated or detained in any facility *who is accused of* … violations of criminal law …" 28 U.S.C. § 1915(h). While the statute itself is clear enough, numerous courts have upheld this interpretation of it. *See e.g.*, *Branham v. Cook*, 48 F. App'x 995, 996 (6th Cir. 2002) ("§ 1915(g) specifically applies to pretrial detainees." (citing 28 U.S.C. § 1915(h)); *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (holding that individuals detained as a result of being accused or convicted of criminal offenses at the time they seek to file civil actions are prisoners for purposes of the PLRA); *Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177 (10th Cir. 2011) (holding that detainee awaiting trial qualified as prisoner for purposes of PLRA); *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (holding that pretrial detainees are prisoners for purposes of the PLRA because they are detained while accused of violations of criminal law). Similarly, in *Richards v. United States*, 2011 WL 2935993 (E.D. Mich. Jul. 20, 2011), the district court applied the three strikes rule to a pretrial detainee who was awaiting sentencing.

This Court agrees with the reasoning of these courts and finds that pretrial criminal detainees qualify as prisoners for purposes of the PLRA's three strikes rule. Thus, despite the fact that Bryant, by his own admission, filed his instant lawsuit while a pretrial detainee, the Court finds that the PLRA's "three strikes" provision applies to his instant action.

Because Bryant filed complaints resulting in at least "three strikes" under 28 U.S.C. § 1915(g), and has not alleged that he qualifies for the statute's "imminent danger" exception, his *in forma pauperis* status should be revoked and his complaint should be dismissed without prejudice. *Shabazz v. Campbell*, 12 F. App'x 329 (6th Cir. 2001).

## II. RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **VACATE** its prior

order granting Plaintiff Bryant's Application to Proceed Without Prepayment of Fees and Costs **(Doc. #5)**, **REVOKE** Bryant's *in forma pauperis* status, and **DISMISS BRYANT'S CLAIMS WITHOUT PREJUDICE.**

Dated: June 22, 2015  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class

U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2015.

                                                                  s/Eddrey O. Butts  
                                                                  EDDREY O. BUTTS  
                                                                  Case Manager