UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVERE BRYANT and
ASTRIN CHANDLER,

              Plaintiffs,        Civil Action No. 14-14181
                                        Honorable Denise Page Hood
                                        Magistrate Judge David R. Grand
v.

SALLY JENKINS,
DANIELLE HAGAMAN-CLARK,
LEAH BRONSON and,
FLAG STAR BANK,

              Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF CHANDLER'S COMPLAINT

**I.    RECOMMENDATION**

This case has been referred to the undersigned for management, hearing and determination of all pretrial matters pursuant to 28 U.S.C. §636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. §636(b)(1)(B).

Plaintiff Astrin Chandler ("Chandler") has been granted leave to proceed *in forma pauperis* in this matter. (Doc. #5). The Court now having assessed the sufficiency of the complaint pursuant to 28 U.S.C. §1915(e), **IT IS RECOMMENDED** that Chandler's complaint be dismissed *sua sponte*.

**II.    REPORT**

    **A.    Background**

On April 3, 2015, Lavere Bryant ("Bryant"), who is currently incarcerated at the Bellamy

Creek Correctional Facility, purported to file a complaint "in behalf of [co-plaintiff] Astrin Chandler [] and himself." (Doc. #15 at 5).[1] The bulk of the complaint centers on Bryant's allegations that defendants Flag Star Bank and one of its employees, Sally Jenkins, unlawfully seized Bryant's financial records and disclosed them to the Dearborn Police Department after Jenkins observed a news broadcast of a robbery-homicide incident and identified Bryant as the unknown suspect. Bryant brings his claims pursuant to 12 U.S.C. § 3401, which prohibits a financial institution or its employees from disclosing a customer's financial records to the Government unless authorized by law, and 42 U.S.C. § 1983. Bryant also purports to bring a state law claim for breach of contract resulting from the disclosure of his confidential financial records. Additionally, Bryant alleges that the disclosure of his financial records, which showed payments to Public Storage, resulted in the unlawful search and seizure of Chandler's storage unit by Assistant Prosecuting Attorney ("APA") Hagaman-Clark and Dearborn Police Officer Leah Bronson.[2]

Chandler alleges that APA Hagaman-Clark and Officer Bronson authorized and executed an unconstitutional search and seizure of property from her storage unit, resulting from the unlawful disclosure of Bryant's financial records. (Doc. #15 at 7, 10). She complains that the property has not been returned and seeks compensatory and punitive damages against APA Hagaman-Clark and Officer Bronson. Chandler brings these claims pursuant to 42 U.S.C. §1983. Additionally, Chandler alleges that Officer Bronson committed perjury by claiming to have knowledge that Bryant had access to her storage unit. (Doc. #15 at 7). The Court now

---

[1] The complaint's signature block lists both plaintiffs' names, and states, "By Lavere Bryant." (Doc. #1 at 14). The complaint bears only Bryant's signature. (*Id.*).

[2] In a separate Report and Recommendation issued on today's date, the Court recommends dismissal of Bryant's complaint in its entirety. (Doc. #18).

2

considers the sufficiency of Chandler's claims for relief.

**B.  Analysis**

Once a complaint is filed *in forma pauperis* under 28 U.S.C. §1915(a), the court must test its sufficiency under §1915(e).  Pursuant to 28 U.S.C. §1915(e)(2)(B), a court "shall dismiss" a case at any time if it: "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The court must construe a *pro se* plaintiff's complaint liberally and hold her complaint to a less stringent standard than one drafted by an attorney.  *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005).  However, §1915(e)(2)(B) directs that a complaint must be dismissed if it fails to state a claim upon which relief may be granted.  "A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."  *Scott v. Brennan,* 2010 WL 4624022, at *1 (E.D. Mich. Nov. 4, 2010) (quoting *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).

*1.     Bryant Cannot Pursue Chandler's Claims on Her Behalf*

As an initial matter, a procedural defect with Chandler's complaint compels its dismissal without prejudice.  Bryant purports to file the instant complaint "in behalf of [co-Plaintiff] Astrin Chandler [] and himself."  (Doc. # 15 at 5).  As noted above, *supra* fn. 1, Bryant clearly purports to be representing and acting on Chandler's behalf.  Indeed, the complaint bears only his signature.  (Doc. #1 at 14).  However, federal law prohibits *pro se* individuals like Bryant from representing other litigants.  28 U.S.C. §1654 (emphasis added) states:

> In all courts of the United States the parties may plead and conduct ***their own cases*** personally or by counsel as, the rules of such courts,

respectively, are permitted to manage and conduct cases therein.

Thus, like any litigant, while Bryant may prosecute his own claims *pro se*, he is limited to representing himself and may not act in a representative capacity for any other person. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007). Put simply, "[t]he statute does not permit 'unlicensed laymen to represent anyone else other than themselves.'" *Id.* (quoting *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)).

The Sixth Circuit has specifically held that *pro se* prisoners like Bryant may not represent others in federal court litigation. For instance, in *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002), the Sixth Circuit held that plaintiffs may not appear *pro se* "where interests other than their own are at stake." *See also Garrison v. Michigan Dept. of Corrections*, 333 F. App'x 914, 919 (6th Cir. 2009) (holding that pro se litigant may represent himself on his own claims but may not act in representative capacity on behalf of others). Numerous other courts have similarly held that *pro se* inmates do not have the capability to adequately litigate suits on behalf of others. *See, e.g., Moore v. Warren*, 2014 WL 1464404, at *3 (E.D. Mich. April 15, 2014) ("[The] case law and plain language of 28 U.S.C. § 1654 preclude [Plaintiff] from representing anyone other than herself."); *Bey v. Youngblood*, 2014 WL 4965956, at *2 (E.D. Mich. October 3, 2014) ("The right to litigate for *oneself* … does not create a coordinate right to litigate for others) (quoting *Myers v. Loudon Cnty. Pub. Sch.,* 418 F.3d 395, 400 (4th Cir. 2005)); *Proctor v. Applegate*, 2008 WL 2478331, at *1, n. 3 (E.D. Mich. June 16, 2008) ("It is well established that plaintiff Proctor may only represent himself with respect to his individual claims and many not act on behalf of other[s].").

Thus, to the extent Bryant purports to have filed the complaint "in behalf of [co-Plaintiff] Astrin Chandler [] and himself," (Doc. #15 at 5), this should not be permitted, and the complaint

4

should be dismissed without prejudice as to Chandler.

    *2.    Chandler's Claim against APA Hagaman-Clark is Barred by Prosecutorial Immunity*

Even assuming that Chandler is representing herself in this action, her claim against APA Hagaman-Clark fails as a matter of law and should be dismissed. In the complaint, Chandler alleges that APA Hagaman-Clark counseled Officer Bronson, unlawfully and without probable cause, to procure a warrant to search Chandler's storage unit. (Doc. #15 at 7). Like judges, prosecutors enjoy absolute immunity from a civil suit for damages under § 1983 for actions performed within the scope of their prosecutorial duties. *Johnson v. Wayne County*, 2006 WL 3086938 at *3 (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Here, where APA Hagaman-Clark was seeking information related to a criminal investigation, she was acting within the scope of her prosecutorial duties when she allegedly advised Officer Bronson to procure a warrant to search Chandler's storage unit. Thus, the doctrine of absolute immunity applies because APA Hagaman-Clark's challenged conduct was "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. As such, Chandler's claim against APA Hagaman-Clark is barred by prosecutorial immunity and should be dismissed.

    *3.    Chandler Also Fails to State a Claim against Officer Bronson*

Even construing the complaint liberally, Chandler has failed to state a claim upon which relief may be granted against Officer Bronson. In the complaint, Chandler concedes that Defendant Jenkins identified Bryant as the suspect in a robbery-double homicide investigation, and implicated Chandler's storage unit in this crime when she disclosed Bryant's financial records—which showed payments to Public Storage—to the Dearborn Police Department. (Doc. #15 at 6-7). Despite these admissions, Chandler makes the conclusory allegation that Officer Bronson committed perjury when she claimed to know that Bryant had access to the storage unit

in question. (Doc. #15 at 7). She also alleges, without further factual basis, that Officer Bronson procured a warrant to search her storage unit "maliciously and without probable cause," and executed a search of the unit "wholly without a substantial basis for inferring a fair probability that evidence of the robbery-homicide exists in the unit." (Doc. #15 at 7-9).

Chandler's unsupported and conclusory allegations are not sufficient to state a claim upon which relief may be granted. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court held that Rule 8 does not require detailed factual allegations, but a pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). In short, a plaintiff must allege enough facts to "nudge[] their claims across the line from conceivable to plausible," and dismissal is only appropriate if the plaintiff has failed to offer sufficient factual allegations to make a claim plausible. *Id.* at 570. The Supreme Court clarified the "plausibility" standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> To survive [dismissal], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 678 (internal citations and quotation marks omitted). It is axiomatic that purely legal conclusions unsupported by any factual allegations do not satisfy the plausibility standard set forth in *Twombly* and *Iqbal. See, e.g., 16630 Southfield Ltd. Partnership v. Flagstar Bank*, 727

F.3d 502, 504 (6th Cir. 2013) (holding that a plaintiff may not overcome dismissal simply by referring to conclusory allegations in the complaint that defendant violated the law); *West v. Wells Fargo Bank, N.A.,* 2013 WL 3213269 *at 4 (E.D. Mich. June 26, 2013) (holding fraud claim lacking specificity and detail insufficient to satisfy plausibility standard); *EEOC v. WW Group, Inc.*, 2012 WL 580471 (E.D. Mich. February 22, 2012) (holding complaint alleging discriminatory "employment practices" but providing no further factual detail regarding those practices deficient under *Twombly* and *Iqbal*).

Applying this standard to Chandler's complaint, she fails to set forth sufficient factual detail to state plausible claims against Officer Bronson. Chandler concedes that Defendant Jenkins identified Bryant as the suspect of a robbery-double homicide, and that his financial records linked him to her storage unit, but offers no factual basis to support her conclusions that Officer Bronson procured a search warrant without probable cause, executed an unlawful search of her storage unit, or committed perjury. Her allegations amount to mere recitations of legal conclusions, and thus her complaint is insufficient because it offers nothing more than "naked assertion[s]" lacking "further factual enhancement." *Twombly*, 550 U.S. 544, 557 (2007). Because Chandler has failed to state a claim with sufficient plausibility under Federal Rule of Civil Procedure 8(a)(2), her claims against Officer Bronson should be dismissed without prejudice.

### III. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Chandler's complaint be **DISMISSED WITHOUT PREJUDICE** as it was improperly filed on her behalf by another *pro se* litigant. If the Court reaches the merits of Chandler's complaint, **IT IS RECOMMENDED** that her claims against APA Hagaman-Clark be **DISMISSED WITH PREJUDICE**, and that

her claims against Officer Bronson be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 22, 2015     s/David R. Grand
Ann Arbor, Michigan     DAVID R. GRAND
    United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2015.

8

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager