UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVERE BRYANT and
ASTRIN CHANDLER,

    Plaintiff,

v.

    Case No. 14-14181
    Honorable Denise Page Hood

SALLY JENKINS, DANEALE JOYCE
HAGAMAN-CLARK, LEAH BRONSON,
and FLAG STAR BANK,

    Defendants.
_____/

## ORDER ACCEPTING REPORTS AND RECOMMENDATIONS
### and
### DISMISSING ACTION

**I.    BACKGROUND/STANDARD OF REVIEW**

This matter is before the Court on two Reports and Recommendations (Doc. Nos. 18 and 19) filed by Magistrate Judge David R. Grand recommending summary dismissal of the instant action filed by Plaintiffs Lavere Bryant and Astrin Chandler. Objections were filed to the Report and Recommendation. (Doc. Nos. 20, 23, 24)

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The

Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs*., 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## II.   THIS COURT'S REVIEW OF THE R&Rs

### A.   Plaintiff's Chandler's Complaint

After review of the Magistrate Judge's Report and Recommendation as to Plaintiff Chandler's Complaint, the Court agrees with the Magistrate Judge that Plaintiff Bryant cannot pursue Plaintiff Chandler's claims on her behalf pursuant to the federal law prohibiting pro se individuals from representing other litigants. (R&R, No. 19, Pg ID 84) As noted by the Magistrate Judge the original Complaint only bears Plaintiff Bryant's signature. However, after the R&Rs and Objections thereto were filed, Plaintiffs filed a Motion to Amend the Complaint claiming that the proposed Amended Complaint now bears Plaintiff Chandler's signature and makes clear that Plaintiff Chandler is pursuing her own claims, not Plaintiff Bryant on

Plaintiff Chandler's behalf.

This Court's review of the proposed Amended Complaint shows Plaintiff Chandler's purported signature, but it is noted that all the documents are mailed from Plaintiff Bryant's current place of imprisonment. The factual allegations and claims in the proposed Amended Complaint are the same as in the original Complaint. Inasmuch as the proposed Amended Complaint purports to correct the lack of Plaintiff Chandler's signature on the Complaint and to make clear that she is bringing the lawsuit on her own behalf, the Court allows the amended complaint and the Court considers such in reviewing the R&Rs. Because the Court is now considering the Amended Complaint with Plaintiff Chandler's purported signature, the Court will consider the Magistrate Judge's alternative recommendation that the claims by Plaintiff Chandler be dismissed.

The Court agrees with the Magistrate Judge that Plaintiff Chandler alleges claims against Assistant Prosecutor Danielle Hagaman-Clark and Police Officer Leah Bronson. The Court further agrees with the Magistrate Judge that Plaintiff Chandler's claim against Defendant Hagaman-Clark is barred by prosecutorial immunity. As to Plaintiff Chandler's claim against Defendant Bronson, the Court agrees with the Magistrate Judge that this claim fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 8(a)(2). The Court

further agrees with the Magistrate Judge that Plaintiff Chandler's allegations against Defendant Bronson are conclusions with no factual basis. Plaintiff Chandler's claims alleged in the Amended Complaint are dismissed with prejudice.

### B. Plaintiff Bryant's Complaint

After review of the Magistrate Judge's Report and Recommendation at to Plaintiff Bryant's Complaint, the Court finds that his findings and conclusions are also correct. The Court agrees with the Magistrate Judge that Plaintiff Bryant has previously filed at least three prisoner civil rights lawsuits which were dismissed for failure to state a claim upon which relief may be granted. As concluded by the Magistrate Judge, Plaintiff Bryant falls within the purview of 28 U.S.C. § 1915(g)'s three strike provision. The Court further agrees with the Magistrate Judge that contrary to Plaintiff Bryant's argument that the three strike provision does not apply to him as a pretrial detainee, the Prison Litigation Reform Act applies to detainees awaiting trial and are considered prisoners for purposes of the PLRA. By his own admission set forth in his Amended Complaint, Plaintiff Bryant has filed previous lawsuits as a prisoner. The three strike provision under the PLRA governs Plaintiff Bryant's Amended Complaint. The Court agrees with the Magistrate Judge that Plaintiff does not meet the statute's "imminent danger" exception. Plaintiff Bryant's *in forma pauperis* status is revoked and the Complaint is dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge David R. Grand's **(No. 18)** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Magistrate Judge David R. Grand's **(No. 19)** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Plaintiffs' Objections **(Nos. 20, 23, 24)** are OVERRULED.

IT IS FURTHER ORDERED that the Motion to Amend/Correct Complaint **(No. 26)** is GRANTED.

IT IS FURTHER ORDERED that the Motion to Amend/Correct Complaint **(No. 12)** is MOOT.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Amend Summons **(No. 13)** is MOOT.

IT IS FURTHER ORDERED Plaintiffs' Petition for Confidentiality **(No. 17)** as to Plaintiffs' address is DENIED since a party's contact information is required under the rules (E.D. Mich. LR 5.1(a)(1) and LR 11.2) and are public information to be recorded by the Clerk. See Fed. R. Civ. P. Rules 5, 5.2, 79.

IT IS FURTHER ORDERED that Plaintiff's Motion for Immediate Consideration **(No. 16)** is MOOT.

IT IS FURTHER ORDERED that the Order Granting Application to Proceed Without Prepaying Fees or Costs as to Plaintiff Bryant is RESCINDED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice as to Plaintiff Chandler and without prejudice as to Plaintiff Bryant. Plaintiff Bryant may refile his lawsuit only upon payment of the appropriate filing fees.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 4, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 4, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager